IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERTEX PHARMACEUTICALS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>SUN PHARMACEUTICAL INDUSTRIES LIMITED, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 20-988 (RGA) (CJB)<br>) CONSOLIDATED<br>)<br>)<br>)<br>)<br>) |
| VERTEX PHARMACEUTICALS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>SUN PHARMACEUTICAL INDUSTRIES LIMITED,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 23-666 (RGA)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION AND [PROPOSED] ORDER**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), IT IS HEREBY STIPULATED, by and between the undersigned, as follows:

1. The Court has jurisdiction over the subject matter of this action and over the parties.

2. The above-captioned actions for patent infringement were brought by Plaintiff Vertex Pharmaceuticals Incorporated ("Vertex") against Defendant Sun Pharmaceutical Industries Limited ("Sun") for infringement of United States Patent Nos. 10,646,481 ("the '481 patent") and 11,564,916 (the "'916 patent").

3. On July 27, 2020, Vertex brought a first patent infringement suit against Sun ("First Sun Action") based on Vertex's receipt of notice from Sun that it had filed Abbreviated New Drug

Application ("ANDA") No. 214027 with the United States Food and Drug Administration ("FDA") containing a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) directed to the '481 patent and seeking approval to market a generic version of Vertex's Kalydeco® products, which are 150 mg ivacaftor tablets ("the Sun Product").

4. On June 16, 2023, Vertex brought a second patent infringement suit against Sun ("Second Sun Action") arising from the amendment of Sun's ANDA No. 214027, seeking approval to commercially market the Sun Product prior to the expiration of the '916 patent.

5. The Second Sun Action was consolidated with the First Sun Action on July 10, 2023.

6. The parties have entered into a settlement and license agreement with respect to Vertex's claims. Sun will not make, have made, use, offer for sale, or sell the Sun Product in the United States except as provided for in the parties' settlement and license agreement.

7. Vertex and Sun stipulate that all claims, counterclaims and defenses in the above-entitled action are dismissed without prejudice and without costs or attorneys' fees to any party.

8. This Court retains jurisdiction over Vertex and Sun for purposes of enforcing the terms of this Stipulation and Order and the settlement and license agreement.

9. This Stipulation and Order shall not act as an adjudication on the merits.

10. The Clerk of the Court is directed to enter this Stipulation and Order forthwith.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
| /s/ *Derek J. Fahnestock* | /s/ *Dominick T. Gattuso* |
| Jack B. Blumenfeld (#1014)<br>Derek J. Fahnestock (#4705)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>dfahnestock@morrisnichols.com | Dominick T. Gattuso (#3630)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>dgattuso@hegh.law<br><br>*Attorneys for Defendant Sun Pharmaceutical Industries Limited* |
| *Attorneys for Plaintiff Vertex Pharmaceuticals Incorporated* | |

December 26, 2023

SO ORDERED this 2 day of January, 2024.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

3